IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

KENNETH L. WHORTON, )
)
          Plaintiff, )
)
          v. ) No. 05-3006-SSA-CV-S-WAK
)
JO ANNE B. BARNHART, Commissioner, )
Social Security Administration, )
)
          Defendant. )

## ORDER

Claimant Kenneth Whorton seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision terminating Supplemental Security Income benefits he received as a disabled child under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. His benefits were terminated in July 1997 after a periodic review. The parties' briefs were fully submitted, and on November 8, 2005, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

There is a three-step process for initially evaluating disability for children. The child must show that he was not working, had a severe impairment or combination of impairments, and either met a listing-level severity or was medically or functionally equivalent to an impairment in the listings. See 20 C.F.R. § 416.924 (2005). If the child is determined to be disabled and benefits are granted, periodic review is required to evaluate whether there has been any medical improvement and if so, whether the child is still entitled to benefits.

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Upon review, the three-step process is slightly different.  First, the Administrative Law Judge (ALJ) must decide whether the claimant has experienced medical improvement since his most recent favorable determination.  Second, the ALJ considers whether claimant's impairments still meet or equal the Listings that were met or equaled at the last most recent favorable decision.  Finally, he or she decides whether the claimant is still disabled.

On review, the ALJ determined claimant was no longer disabled within the meaning of the Social Security Act and that his disability ceased on July 1, 2002.  Thereafter, Whorton exhausted his administrative remedies and filed his complaint for judicial review.

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).  The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Claimant Kenneth Whorton was born in 1984 and completed the tenth grade.  He had problems in school and claims he is disabled because of depression, attention deficit hyperactive disorder, oppositional defiant disorder, some mental retardation, obsessive-compulsive disorder and psychosis.  At the time of the hearing, he was no longer a minor.  He resided with his girl friend, had a drivers license and was unemployed.

At his review evaluation in 1998, the ALJ found claimant had borderline intellectual functioning, personality disorder and oppositional defiant disorder, and his benefits were continued.  In 2002, a continuing disability review was performed and Whorton's benefits were terminated.  Following a hearing on the matter in 2004, the ALJ found claimant had avoidant personality disorder and borderline intellectual functioning.  He had experienced medical improvement, his subjective complaints were only partially credible and he no longer met the definition of disabled, pursuant to the Act.  The ALJ found Whorton had a marked limitation only in the domain of interacting and relating with others.  He had less than marked limitations in the areas of (1) acquiring and using information, and (2) attending and completing tasks.

Case 6:05-cv-03006-WAK   Document 13   Filed 12/06/05   Page 2 of 4

In June 1998, claimant was institutionalized at a mental health facility for treatment of severe social misconduct, including sexual abuse of small children. Upon release, he was prescribed Adderall and committed by the Juvenile Court to a residential facility for incarcerated juveniles. It appears he was in that facility for six months and was in that facility in August 1998. Thus, he was institutionalized at the time of his last favorable decision.

The medical records show that prior to the hearing and the ALJ's decision, he was treated, evaluated or otherwise counseled by several mental health professionals. The Commissioner notes, however, that claimant did not seek treatment for his mental health problems after his release from Datema House in 1998, until he was notified that his disability benefits had ended. Although he continued to experience problems, his mental health records show improvement from the 1998 evaluations.

He did seek treatment from his primary care physician after his release from Datema House. In addition to routine medical care, he was prescribed an antidepressant and a medication for attention deficit hyperactive disorder. That physician noted on several occasions that Whorton was responding to his medications, was doing well without his medications, or was otherwise improving.

In June and July 2002, Whorton was evaluated by two separate psychologists. The first evaluation was at the request of Disability Determinations Service and the second evaluation was at the request of his father and upon referral by the previously examining psychologist. The ALJ gave more weight to the opinions of these two specialists than he did to two physicians or psychiatrists who prescribed medications and saw claimant only after his disability benefits had terminated. The ALJ reviewed the treatment notes of the physicians and found them to be inconsistent with the Medical Source Statements they completed.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent

3

with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001).

In this case, there is evidence that claimant continues to have impairments which impact on his daily living. There is also evidence that through treatment and maturity, Whorton has medically improved, learned better control of his behavior, and is functioning at a considerably better level than he was in 1998.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence on the record as a whole to support the agency's decision.

Accordingly, for these reasons and those set forth more fully at oral argument and in the Commissioner's brief, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 6th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

4